JOSEPH H. MELLICHAMP *vs.* JOSEPH B. SEABROOK AND OTHERS.

An objection to a return to a writ for admeasurement of dower, on the ground that a sum of money assessed in lieu of dower is excessive, can only be taken by exception to the return. The Court will not, on motion, where a sale of the land has been ordered, disregard the value assessed by the Commissioners in dower, and order that the widow be paid a sum in proportion to the amount of the sale.

BEFORE CARPENTER, J., AT ORANGEBURG, OCTOBER TERM, 1869.

Appeal from a decree of the Circuit Court confirming a return to a writ for the admeasurement of dower.

The only papers contained in the brief were the return, the decree and the grounds of appeal.

The return bore date the 6th August, 1869, and certified that the Commissioners had valued the whole land at $5,433.50; and, being unable, fairly and equally, to divide the same without manifest disadvantage, they had assessed the sum of $905 to be paid the widow, Mrs. E. A. Pope, in lieu of dower.

The decree confirmed the return, and ordered that out of the proceeds of the sale directed by a previous order, and which had

not taken place, the sum assessed by the Commissioners be paid to the widow in lieu of dower.

The defendant, Joseph B. Seabrook, appealed, on the grounds:

1. That the wife's right of dower can only be admeasured in accordance with the actual value of the land upon which it attaches.

2. That, whenever it is necessary that the premises should be sold to make partition, the standard of value is the amount realized at the sale, although the proportion to be paid as dower may be determined by the Commissioners.

3. That His Honor erred in decreeing that the sum of $905 should be paid to Mrs. Pope as her dower in the lands, without regard to what amount the lands should sell for; whereas His Honor should have decreed that the dower to be paid from the sales should be in proportion as the lands were valued and the dower assessed by the Commissioners, or as $905 bore to $5,433.50.

4. That the decree is otherwise contrary to law and evidence.

*Whaley,* for appellant:

First. The return of the Commissioners, in the admeasurement or assessment of dower, is always within the control of the Court. "The Court has the power of correcting the assessment of the Commissioners."—*Payne* vs. *Payne,* Dud. Eq., 124.

3 Rich. Eq., 254, A. A., 1820.—"The return of the Commissioners in dower, like the report of the Master, is under the control of the Court."

Code, Title Supreme Court, Sec. 12, p. 425.—"The Supreme Court may reverse, affirm or modify the judgment, decree or order appealed from, in whole or in part, and as to any or all of the parties, and its judgment shall be remitted to the Court below, to be enforced according to law.

Sedgwick on Damages, p. 278.—"It is the price, the market price, that is to furnish the measure of damages. Now, what is the price of a thing, particularly the market price? We consider it to be the value, the rate at which the thing is sold."

Second point. The wife's right of dower can only be admeasured in accordance with the actual value of the land upon which it attaches.

*Wright* vs. *Jennings,* 1 Bail., 277.—"In this State it has been usual to assess one-sixth of the entire fee, as equivalent to the widow's estate for life in one-third of the land; and, as a general rule, the same proportion should always be adhered to in the assessment of

dower, except in extreme cases of youth on the one hand, and of age and infirmity on the other."

*Keith* vs. *Trapier*, Bail. Eq., 63.—"Dower must be assessed on the actual value of the land, subject only to the lien of prior incumbrances."

From the above authorities it will be seen that the dower must be assessed from the actual value of the land; that one-sixth of the fee is the general rule of allotment, and that the market price, or what the lands sell for, is the standard of actual value.

It will be further seen that we have the right of appeal, and that the return is under the control of the Court.

We would ask this question : Suppose the whole land should only sell for $905? The entire land would be absorbed in the dower, to the exclusion of heirs.

*Hutson*, contra :

I. The commission requires the Commissioners to admeasure the dower or to assess its value. They are not called upon to advise a sale as in partition. It is not a proceeding in partition. And the commission having once issued, the Commissioners are as much the judges of the case as arbitrators acting under an order for an award. A. A. 1786, 4 Stat., 742; *Butler* vs. *Farrow*, Rich. Eq. Cases, 178; *Payne* vs. *Payne*, Dudley Eq., 124; *Gibson* vs. *Marshal,* 5 Rich., 254.

The same seems to be the practice in the Common Pleas.—*Douglas* vs. *McDill,* 1 Spears, 137.

II. If the assessment of $5,433.50 was excessive, that should have been the ground of exceptions. A reference might be ordered. If the result were then doubtful, the commission might be sent back or one issued to new Commissioners. This has been the uniform practice, and it is a good one.

III. It would not do to let the assessment for dower rest on the uncertain value to be determined by a public sale.

1. It would be too open to fraud.

2. Suppose a sale be now ordered subject to dower, and four years hence the widow asks dower, would the price paid be the measure? Surely not.

3. Suppose Mr. Pope had sold in 1859, would the measure of dower be the price paid him ?

4. If the rule contended for is right, why did the defendant insist on a commission. The Court should have ordered the land sold and meted out one-sixth of the price.

5. Suppose Buck Island should turn out to be a mine of gold or a phosphate bed, and brought $50,000 instead of $5,400, would the widow be entitled to one-sixth of that? Would the Court permit the dower to be so fluctuating?

6. If the Commissioners had known that such was to be the rule, might they not, at all events, have assigned land.

7. Might not the Commissioners, in making their assessment, have taken interest into the account.—See *Miller* vs. *Cupe*, 1 DeS.; *Keith* vs. *Napier*, Bail. Eq., 64; *May* vs. *May*, Rich. Eq. Cases, 378; *Gordon* vs. *Stephens*, 2 Hill Ch., 429; *Woodward* vs. *Woodward*, 2 Rich., 23.

IV. We conclude, therefore, that the Circuit Judge was right: 1st, To refuse the motion to make a fluctuating order. 2d, If there were any complaint, there should have been exceptions and a reference.

May 12, 1871. The opinion of the Court was delivered by

WRIGHT, A. J. Even conceding all the propositions for which the appellant contends, it is enough to say that he is precluded from the benefit of which he now seeks to avail himself, by his own course, in regard to the return of the Commissioners. There is no doubt that the return is under the control of the Court.

It cannot, of itself, change the amount which it recommends as compensation in lieu of an allotment of a portion of the land, but it is in its power either to recommit the writ, that the return may be amended, or, if it is manifest that an assignment in land would be of prejudice to those invested with the fee, the Court may appoint a Referee, to enquire into, and report upon, the money-value of the dower.

The difficulty that the appellant has to encounter arises from the fact that he made no exception to the return, which actually assessed "the sum to be paid to the widow."

The writ had issued conformably to the long established practice of the Courts of this State, and, if the appellant was not satisfied with the return, he should have made his objection known at the time.

"The return of the Commissioners, if accepted, is the law between the parties."—*Butler* vs. *Farrow*, Rich. Eq. Cases, 178.

The proceeding for the admeasurement of dower is not like that which attaches on a commission for the partition of real estate among heirs.

24A

There the Commissioners, if they find that the land cannot be divided without manifest prejudice to some of the parties interested, may recommend a sale. In dower, however, they cannot advise a sale. Their duty is confined to the admeasurement of it by metes and bounds, or to assess the money value of the right.

How was the Circuit Judge to know that the appellant objected to the assessment made by the return in reference to the amount which the Commissioners fixed as the fee simple value of the whole land? Having made no objection to it, how can an appeal be entertained from his order, which merely confirms the return as to the value of the dower in the land.

If the appellant is right in the proposition for which he now contends, that the "wife's right of dower can only be admeasured in accordance with the actual value of the land upon which it attaches," and that this standard "is the amount realized at the sale," he had two opportunities to make this question in the Court below, both of which he neglected:

First, he could have presented it on the order for the issuing of the writ; and, secondly, on the return of the writ.

In fact, to give full effect now to his objection, would practically destroy the right of the Court to order the writ, unless it was previously made certain that the dower could be given in hand, for if the value of the claim is to be regulated by the actual amount which the whole land would bring on sale, it would be entirely unnecessary for the Commissioners to assess a value upon such whole. The result would be this, that unless the dower is given in land the Court must necessarily order a sale before the value of the widow's right in money could be ascertained.

This course would not only be at variance with the uniform practice in the State, but would make the value of this right (one, too, always favored by the Court) depend upon the chances and speculations of an auction sale; for anything that appears, or can be positively known, the land may sell for an amount beyond the sum affixed by the Commissioners as its value, and then the appellant would have no cause of complaint. The practice of the Court must be uniform and consistent, and not regulated by conjectures, or changed by circumstances which may arise after its judgment is pronounced without exception being made. When the return of the Commissioners was confirmed it stood as the judgment of the Court.

For the general principles on which our opinion rests, see *Butler*

vs. *Farrow*, Rich. Eq. Cases, 178; *Gibson* vs. *Marshal*, 5 Rich. Eq., 254; *Payne* vs. *Payne*, Dudley, 124.

It is ordered and adjudged that the decretal order be affirmed and the motion dismissed.

*Moses*, C. J., and *Willard*, A. J., concurred.